IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
J & G SALES, LTD.                       )
440 Miller Valley Road                  )
Prescott, AZ 86301                      )
                                        )
and                                     )
                                        )
FOOTHILLS FIREARMS, LLC                 )
11792 South Foothills Blvd.             )
Yuma, AZ 85367                          )
                                        )
          Plaintiffs                    )
                                        )
     v.                                 )
                                        )
KENNETH MELSON                          )
Acting Director                         )
Bureau of Alcohol, Tobacco,             )
Firearms & Explosives                   )
99 New York Avenue, N.E.                )
Washington, D.C. 20226                  )
                                        )
          Defendant                     )
```

**COMPLAINT**

**(For Declaratory Judgment and Injunctive Relief)**

1) This is an action to secure the statutory right of licensed firearm dealers not to submit reports and information with respect to records maintained as required by statute, and to secure the privacy rights of lawful purchasers of firearms, by preventing the Bureau of Alcohol, Tobacco, Firearms & Explosives ("BATFE") from unlawfully requiring licensed firearm dealers to submit a report of sale or other disposition to unlicensed persons of two or more semi-automatic rifles of greater than .22 caliber (including .223/5.56) capable of accepting a detachable magazine within five (5) consecutive business days.

**Parties**

2) Plaintiff J&G Sales, Ltd. (hereinafter "J&G") is a federally-licensed dealer in firearms pursuant to 18 U.S.C. § 923, which is incorporated under the laws of Arizona and has its principal place of business in Prescott, Arizona.

3) Plaintiff Foothills Firearms, LLC (hereinafter "Foothills") is a federally-licensed dealer in firearms pursuant to 18 U.S.C. § 923, which is incorporated under the laws of Arizona and has its principal place of business in Yuma, Arizona.

4) Defendant Kenneth Melson is Acting Director, BATFE, a bureau of the United States Department of Justice, and has his principal place of business in Washington, D.C., and is being sued in his official capacity as such.  The Attorney General has delegated the administration and enforcement of Chapter 44 of Title 18, U.S.C. to the BATFE.

**Jurisdiction**

5) Jurisdiction is founded on 28 U.S.C. § 1331 in that this case arises under the laws of the United States, and is a controversy to which the United States is a party.  Plaintiff seeks review pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 2201.

**Applicable Statutes And Regulations**

6) 18 U.S.C. § 923(g)(1)(A) provides:

> Each licensed importer, licensed manufacturer, and licensed dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe.  Such importers, manufacturers, and dealers shall

not be required to submit to the Secretary reports and information with respect to such records and the contents thereof, *except as expressly required by this section*. (Emphasis added).

7) Pursuant to 18 U.S.C. § 923(g)(1)(A), 27 C.F.R. § 478.125(e) provides that a licensed dealer shall maintain firearm acquisition and disposition records which include, *inter alia*, the date of sale or other disposition, the name and address of the buyer, the name of the manufacturer and importer (if any), the model, serial number, type, and the caliber or gauge of the firearm.

8) 18 U.S.C. § 923(g)(3)(A) provides:

Each licensee shall prepare a report of multiple sales or other dispositions whenever the licensee sells or otherwise disposes of, at one time or during any five consecutive business days, two or more pistols, or revolvers, or any combination of pistols and revolvers totalling two or more, to an unlicensed person.  The report shall be prepared on a form specified by the Attorney General and forwarded to the office specified thereon and to the department of State police or State law enforcement agency of the State or local law enforcement agency of the local jurisdiction in which the sale or other disposition took place, not later than the close of business on the day that the multiple sale or other disposition occurs.

9) Reports of multiple sales of rifles within any given period are not expressly required by § 923.

10) 18 U.S.C. § 923(g)(5)(A) provides:

Each licensee shall, when required by letter issued by the Attorney General, and until notified to the contrary in writing by the Attorney General, submit on a form specified by the Attorney General, for periods and at the times specified in such letter, all record information required to be kept by this chapter or such lesser record information as the Attorney General in such letter may specify.

11) 18 U.S.C. § 923(g)(7) provides:

Each licensee shall respond immediately to, and in no event

later than 24 hours after the receipt of, a request by the Attorney General for information contained in the records required to be kept by this chapter as may be required for determining the disposition of 1 or more firearms in the course of a bona fide criminal investigation.

12) 18 U.S.C. § 923(g)(1)(B) provides:

The Attorney General may inspect or examine the inventory and records of a licensed importer, licensed manufacturer, or licensed dealer without such reasonable cause or warrant –

    (i) in the course of a reasonable inquiry during the course of a criminal investigation of a person or persons other than the licensee;

    (ii) for ensuring compliance with the record keeping requirements of this chapter –

    (I) not more than once during any 12-month period; or
    (II) at any time with respect to records relating to a firearm involved in a criminal investigation that is traced to the licensee.

    (iii) when such inspection or examination may be required for determining the disposition of one or more particular firearms in the course of a bona fide criminal investigation.

13) 18 U.S.C. § 926(a) provides:

The Attorney General may prescribe only such rules and regulations as are necessary to carry out the provisions of this chapter [Chapter 44 of 18 U.S.C.] . . . No such rule or regulation prescribed after the date of the enactment of the Firearms Owners' Protection Act [P.L. 99-308, 100 Stat. 449 (1986)] may require that records required to be maintained under this chapter or any portion of the contents of such records, be recorded at or transferred to a facility owned, managed, or controlled by the United States or any State or any political subdivision thereof, nor that any system of registration of firearms, firearms owners, or firearms transactions or dispositions be established. Nothing in this section expands or restricts the Attorney General's authority to inquire into the disposition of any firearm in the course of a criminal investigation.

14) The Consolidated Appropriations Act, 2010, Pub.L. 111-117, div. B, tit. 2, 123 Stat. 3034, 3128 (2009), provides appropriations

for necessary expenses of the BATFE, with the following proviso:

> Provided, That no funds appropriated herein shall be available for salaries or administrative expenses in connection with consolidating or centralizing, within the Department of Justice, the records, or any portion thereof, of acquisition and disposition of firearms maintained by Federal firearms licensees . . . .

15) The Department of Defense and Full-Year Continuing Appropriations Act for the 2011 fiscal year, Pub.L. 112-10, div. B., tit. 1, § 1101(a)(6), 125 Stat. 38, 102-03 (2011), continued the Consolidated Appropriations Act, 2010, in effect until September 30, 2011.

**Facts**

16) J&G and Foothills each received a letter addressed to "Dear Federal Firearms Licensee" and dated July 12, 2011, from Charles Houser, Chief, National Tracing Center (hereafter "the letter"). In the letter, Houser states that Melson has delegated his authority as Acting Director to issue the letter to Houser. A copy of the letter is attached herewith and incorporated herein by reference.

17) The letter purports to demand portions of records pursuant to the BATFE's authority under 18 U.S.C. § 923(g)(5). Specifically, the letter directs J&G and Foothills to submit information from the acquisition and disposition records of J&G and Foothills concerning the sale or other disposition to an unlicensed person of two or more semi-automatic rifles capable of accepting a detachable magazine and with a caliber greater than .22 (including .223/5.56) within five (5) consecutive business days.

18) The letter enclosed ATF Form 3310.12 (Report of Multiple Sale

Or Other Disposition of Certain Rifles), which requires J&G and Foothills to report the following information about the purchaser and the firearms purchased: name, residence address, sex, race, identification number, identification type, identification State, date and place of birth, and the serial numbers, manufacturers, importers, models, and calibers of the rifles.

19) The letter requires that the reports be provided to the BATFE beginning with sales made on August 14, 2011 and until BATFE provides written notice to stop.

20) The reports are required to be sent to the National Tracing Center.

21) A similar letter has been, or will be, sent to all federal firearms licensees in Texas, New Mexico, Arizona, and California. The BATFE has estimated that 8,479 licensees are subject to the requirements of the letter, or 13.3% of the approximately 63,535 licensees nationwide.

22) J&G and Foothills have sold two or more semi-automatic rifles capable of accepting a detachable magazine and with a caliber greater than .22 (including .223/5.56) to the same persons within five (5) consecutive business days, and will continue to sell such rifles to the same persons within five (5) consecutive business days.

23) The information was not requested in relation to any criminal investigation.

24) The information requested did not concern the sale of pistols or revolvers.

25) Upon information and belief, when the National Tracing Center receives the forms, it retains the information from J&G's and Foothills' records permanently in a consolidated and centralized database within the Department of Justice.

26) Upon information and belief, the letter sent to J&G and Foothills was authorized, caused, and approved by Melson.

27) J&G and Foothills have been, and will continue to be, threatened with, and subjected to, irreparable harm, and have no adequate remedy at law.

28) The irreparable harm inflicted on J&G and Foothills includes economic loss as a result of having to devote employee time to preparing the reports and the loss of business from both in-state and out-of-state potential purchasers of semi-automatic rifles capable of accepting a detachable magazine and with a caliber greater than .22 (including .223/5.56) who would have bought such rifles but have been dissuaded from doing so because they wish to protect their privacy rights. J&G and Foothills face civil and criminal sanctions, including revocation of their licenses, should they fail to comply.

29) There is also irreparable harm to the privacy rights of J&G's and Foothills' customers, an injury which J&G and Foothills may assert as the customers' privacy rights are inextricably bound up with J&G's and Foothills' statutory rights and J&G and Foothills are fully as effective proponents of their customers' rights as the customers. Further, there is a genuine obstacle to the customers' assertion of their privacy rights in that assertion of those rights in litigation

results in nullification of the right.

## COUNT ONE
(Unlawful Demand For Records Not Expressly Required
by Law and Not For a Bona Fide Criminal Investigation)

30) Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31) The letter requires the submission of records and contents thereof which are not expressly required by 18 U.S.C. § 923, in violation of § 923(g)(1)(A).

32) The authority of the BATFE to require the reporting of information contained in licensee records with respect to the multiple sale or other disposition of semi-automatic rifles capable of accepting a detachable magazine and with a caliber greater than .22 (including .223/5.56) is limited by 18 U.S.C. § 923(g)(1)(B), § 923(g)(3)(A), § 923(g)(7), and § 926(a).

33) The letter exceeds Melson's authority.

## COUNT TWO
(Violation on Prohibition of Consolidation of Records)

34) Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35) The BATFE is an entity within the Department of Justice.

36) The letter requires reporting of "the records, or any portion thereof, of acquisition and disposition of firearms maintained by Federal firearms licensees."

37) By receiving and retaining such records or portions thereof within the National Tracing Center, including the name and address of the purchaser, BATFE is "consolidating or centralizing," and will

continue to consolidate or centralize, such records in violation of Pub.L. 111-117 and Pub.L. 112-10.

WHEREFORE, J&G and Foothills pray that the court:

1) Enter a declaratory judgment that the letter and the Form 3310.12: (a) are beyond the scope of Melson's authority under 18 U.S.C. § 923(g)(1)(B), § 923(g)(3)(A), § 923(g)(5)(A), § 923(g)(7), and § 926(a), and contrary to the Consolidated Appropriations Act, 2010, Pub.L. 111-117, 123 Stat. 3034 (2010).

2) Issue preliminary and permanent injunctions requiring, or otherwise compelling, Melson and his officers, agents, and employees, to refrain from initiating any administrative, civil, or criminal actions or proceedings against J&G and Foothills for not submitting information required by the letter to the BATFE, and forthwith to destroy any and all such information already submitted to the BATFE and kept there or disseminated to any other office or agency.

3) Award J&G and Foothills costs, including attorney's fees, pursuant to, *inter alia*, 18 U.S.C. § 924(d) and 28 U.S.C. § 2412.

4) Grant such other and further relief as may be proper.

```
                        Respectfully submitted,

                        J & G SALES, LTD.
                        FOOTHILLS FIREARMS, LLC
                        By Counsel


                        /s/
                        Richard E. Gardiner
                        D.C. Bar # 385916
                        Suite 403
                        3925 Chain Bridge Road
                        Fairfax, VA  22030
                        (703) 352-7276
                        (703) 359-0938 (fax)
                        regardiner@cox.net



                        /s/
                        Stephen P. Halbrook
                        D.C. Bar # 379799
                        Suite 403
                        3925 Chain Bridge Road
                        Fairfax, VA  22030
                        (703) 352-7276
                        (703) 359-0938 (fax)
                        protell@aol.com
```